**Vincent AWULONU, Plaintiff,**

v.

**UNIFIED SCHOOL DISTRICT (USD) # 261; Luan West; Cody Sparks; and Becky Cezar; Defendants.**

**No. 04–1263–WEB.**

United States District Court, D. Kansas.

March 23, 2005.

Vincent M. Ekeh, San Diego, CA, for Plaintiff.

Charles E. Millsap, Susan P. Selvidge, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, for Defendants.

### Memorandum and Order

WESLEY E. BROWN, Senior District Judge.

This matter is before the court on plaintiff's motion pursuant to Rule 56(f) asking the court to continue the pending summary judgment motion and to grant plaintiff leave to conduct discovery. *See* Doc. 35. For the reasons set forth below, the court finds plaintiff's request should be granted.

### I. *Background.*

Plaintiff Vincent Awulonu, formerly employed as a teacher with defendant USD 261, filed this action *pro se* claiming the defendants unlawfully discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, and tortiously inflicted emotional distress upon him. On September 23, 2004, the Magistrate Judge granted plaintiff's request to proceed *in forma pauperis.* The defendants thereafter answered, and on November 16, 2004, they asked the Magistrate Judge to suspend discovery because they intended to promptly file a motion for summary judgment. *See* Doc. 18. When the *pro se* plaintiff did not respond to this request within the time permitted, the Magistrate Judge granted the request as uncontested and ordered that discovery be suspended. Doc. 22. On January 10, 2005, the defendants filed a 58–page motion for summary judgment. Doc. 24. On February 1, 2005, attorney Vincent M. Ekeh of San Diego, California, entered his appearance on plaintiff's behalf and moved for an extension of time to respond to the summary judgment motion. The motion stated that defense counsel had agreed to the extension. Docs. 25 & 26. On February 2, 2005, the Magistrate Judge granted the request for an extension of time to February 28, 2005. Doc. 28. Shortly thereafter on February 2, 2005, defense counsel filed an objection to Mr. Ekeh's entry of appearance, arguing that he had violated Rule 83.5.4 of the local rules by failing to move for admission *pro hac vice.* In fact, as Mr. Ekeh pointed out in his response to the objection, he is properly admitted to this court and his entry of appearance was in accordance with the rules.[1] On February 16, 2005 the court denied defendants' objection to Mr. Ekeh's entry of appearance. Within the time Mr. Ekeh had remaining to respond to the motion for summary judgment, he thereafter filed a response to the summary judgment mo-

---

1. The court notes that Mr. Ekeh's entry of appearance included his California phone number, as required by the local rules, and that a simple phone call from defense counsel should have clarified the matters raised in defendants' objection to his entry of appearance.

tion on plaintiff's behalf, as well as evidentiary objections to various materials relied upon by the defendants in their motion. Docs. 32 & 31. Included in plaintiff's 50–page response was an assertion that plaintiff would request an opportunity for discovery to adequately respond to defendants' contentions regarding USD 261's liability under § 1981 based on a municipal custom and policy. Doc. 32 at 48, 50. On March 1, 2005, plaintiff Awulonu, apparently acting *pro se,* filed a 14–page affidavit containing an extensive recitation of the facts.

On March 17, 2005, Mr. Ekeh filed a motion "for an order continuing ruling of defendants' summary judgment motion, [and] to reinstate discovery and allow him to amend his response thereof." Doc. 35 at 1. In the motion, Mr. Ekeh noted that the stay of discovery had been granted when plaintiff was proceeding *pro se,* and he argued discovery was needed to adequately respond to several issues on summary judgment, including questions of racial animus, customs and policies of USD 261 concerning discrimination, and defendants' assertion that plaintiff was terminated for legitimate business reasons. An affidavit from Mr. Awulonu was filed in connection with the request. Doc. 36.

The defendants immediately objected to plaintiff's request, arguing plaintiff has waived any right to seek an extension by not properly raising the issue sooner, and that plaintiff's attempt to explain the need for discovery fails to meet the requirements of Rule 56(f). The defendants have now filed a 53–page Reply Brief concerning summary judgment, in which they repeat their argument that plaintiff has waived his right discovery.

II. *Discussion.*

■ Rule 56(f) "allows a court to stay or deny a summary judgment motion in order to permit further discovery if the nonmovant states by affidavit that it lacks facts necessary to oppose the motion." *Employers Reinsurance Corp. v. Newcap Ins. Co., Ltd.,* 209 F.Supp.2d 1184, 1187, n. 3 (*citing Price v. Western Resources, Inc.,* 232 F.3d 779, 783 (10th Cir.2000)). The general principle of Rule 56(f) is that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Id.* (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). As the defendants point out, the protections of Rule 56(f) can be only be applied if a party satisfies certain requirements. *Id.* These include the filing of an affidavit explaining why facts precluding summary judgment cannot be presented, identifying the probable facts not available and what steps have been taken to obtain them, and explaining how additional time will enable the nonmovant to rebut the movant's allegations of no genuine issue of fact. *Id.*

■ The court concludes that a continuance of the summary judgment motion is appropriate, and that plaintiff should be permitted to conduct discovery. Although counsel for plaintiff should have filed his request prior to his response to the motion for summary judgment, there is no evidence of bad faith on plaintiff's part, nor is there any showing of significant prejudice to the defendants from this delay. Plaintiff's counsel also apparently construed Rule 56(f) as requiring an affidavit from the plaintiff himself (which has been submitted), rather than an affidavit from counsel, but the court does not consider this sufficient grounds for a waiver of the opportunity for discovery. *Cf. Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir.1992) (an unverified assertion by counsel in a memorandum opposing summary judgment does not

comply with Rule 56(f) and results in a waiver). "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." *Id.* The materials submitted by the plaintiff, including the affidavit from the plaintiff, satisfy that purpose.

"Unless dilatory or lacking in merit, [a motion under Rule 56(f) ] should be liberally treated." *Id.* (*citing* James W. Moore & Jeremy C. Wicker, Moore's Federal Practice ¶ 56.24 (1988)). Plaintiff argues, among other things, that discovery is needed on evidence of racial animus and municipal policy and custom. More specifically, he seeks discovery relating to Principal West's actions and evaluation of plaintiff prior to his termination. *See* Doc. 36 at 2. These are clearly factual matters within the scope of the summary judgment issues raised by defendants and do not appear to be amenable to presentation by affidavit. And given the circumstances of the case, plaintiff has not had an adequate opportunity to pursue discovery on these matters. It is true that this was due in part to plaintiff's own failure to properly respond at a time when he was acting *pro se.* But plaintiff's counsel has now raised the question of discovery in his response to summary judgment. Again, counsel could have acted sooner in seeking to lift the stay or in asserting a request for discovery, but under the circumstances his actions are sufficient to prevent a finding of waiver of the issue. The court also notes that a stay of discovery would not typically be granted in a case such as this where a defendant seeks summary judgment based in part on a lack of evidence of improper motive, and that the stay was granted because the *pro se* plaintiff did not respond to the request. Given the factual issues presented in defendants' motion, the court concludes that summary judgment would be premature without an opportunity for discovery by the plaintiff. *Cf. Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("Any potential problem with such premature motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery.").

The court does not fault the defendants for seeking a rapid determination of the issues in controversy, but Rule 56 contemplates "the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, . . ." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. After considering all of the circumstances, the court concludes that an opportunity for discovery is necessary for a full and fair determination of the pending motion for summary judgment.

The court will continue the motion for summary judgment and will permit the plaintiff to seek discovery. The Magistrate Judge will determine an appropriate schedule for discovery and will determine, in the first instance, any disputes relating to discovery. Plaintiff may file an additional Response to defendants' motion for summary judgment after an adequate opportunity for discovery. The Response Brief should not duplicate the brief plaintiff has already filed. It should include only matters which require supplementation in light of the discovery conducted. The Magistrate Judge shall determine an appropriate due date for such a response. The defendants may thereafter file a Reply Brief.

Finally, the court notes that plaintiff's Response concedes the individual defendants—Luan West, Cody Sparks, and

**1304**

Becky Cezar—are entitled to dismissal of the Title VII claims. Doc. 32 at 50. Accordingly, the court will grant defendants' motion for judgment on these particular claims.

### III. *Conclusion.*

Defendants' Motion for Summary Judgment (Doc. 23) is GRANTED IN PART. The motion is granted with respect to plaintiff's claims under 42 U.S.C. § 2000e (Title VII) against defendants Luan West, Cody Sparks, and Becky Cezar. Such claims are hereby dismissed with prejudice.

Otherwise, pursuant to Fed.R.Civ.P. 56(f), the court will defer a ruling on defendants' summary judgment motion until after an appropriate period for discovery and additional briefs from the parties. Plaintiff's Motion for an Order Continuing the Summary Judgment Motion (Doc. 35) is therefore GRANTED as set forth above.

The Magistrate Judge's prior order suspending discovery and mediation (Doc. 22) is hereby vacated. The Magistrate Judge shall determine an appropriate schedule for discovery and other issues in the case. Plaintiff is granted leave to file an additional Response to defendants' motion for summary judgment, with said Response to be due on a date determined by the Magistrate Judge. Defendants may thereafter file a Reply.